JAMES E. WALLACE, Respondent, vs. THOS. W. MOORE, Appellant.

1. *Justices' courts—Suit for money paid on written orders—Statement, what should be shown by.*—In suit before a justice for sums paid on written orders addressed to plaintiff by defendant, on which orders sundry bills of goods are sold to different parties, if plaintiff file a statement setting out separately the several orders, that is sufficient. He is not required to insert in his statement an itemized account of the goods so delivered.

*Appeal from Dade Circuit Court.*

*Shaffer & Duckwall,* for Appellant, cited, Wagn. Stat., 814, § 12; id., 850, § 18; Walthen vs. Farr, 8 Mo., 324; Brashears vs. Stocke, 46 Mo., 221; Price vs. North Mo. R. R., 389; 2 Kent Com., § 76, p. 95; 1 Pars. Cont., p. 248; Smith's Merc. Law, p. 267.

WAGNER, Judge, delivered the opinion of the court.

This was an action originally brought before a justice of the peace, wherein the amount claimed was $51.45, and a judgment was rendered for the plaintiff.

In the circuit court defendants moved to dismiss the case because the statement was insufficient; but the court overruled the motion.

The statement was for amounts paid on written orders given by the defendant, and addressed to the plaintiff in favor of different individuals. The orders were set out separately and filed as vouchers, and read in evidence. The court decided correctly. The orders constituted defendant's indebtedness. The doctrine contended for by defendant's counsel, that the statement should have set out the goods that were delivered upon the orders, is not maintainable. That would have only been necessary if the suit had been brought against the persons who received the goods. But the written obligations of the defendants, made up the measure of their liability and they were the proper and appropriate items to be charged in the statement.

The evidence offered by the defendants to show that plaintiff agreed to look to third parties for payment of the orders, was properly excluded.

The orders were express written promises, and if any different agreement was entered into than what they imported on their face, it should have been embodied in them.

The judgment was for the plaintiff, and it should be affirmed. Judges Napton and Sherwood concur; Judges Vories and Hough absent.